An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
REINSTATEMENT OF MATTHEW
PEIRCE, BAR NO. 6449.

No. 62091

**FILED**

SEP 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is a petition for reinstatement to the practice of law, pursuant to SCR 116, filed by suspended attorney Matthew Peirce. In 2006, this court suspended Peirce from the practice of law for a period of two years, by way of reciprocal discipline, stemming from discipline Peirce received from the United States Patent and Trademark Office. *In re Discipline of Peirce*, 122 Nev. 77, 128 P.3d 443 (2006); SCR 114. In 2012, Peirce filed with the state bar a petition for reinstatement pursuant to SCR 116, and a hearing was held before a panel of the Southern Nevada Disciplinary Board. The panel issued its findings of fact, conclusions of law, and recommendation, recommending that Peirce be reinstated to the practice of law subject to conditions.

The panel concluded that Peirce had demonstrated by clear and convincing evidence that he has the moral qualifications, competency, and learning in law required for admission to practice law and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest. The panel recommended that Peirce's petition be granted, subject to conditions that Peirce: (1) take the Nevada State Bar

14-31651

Examination and provide proof of successful passage prior to reinstatement; (2) complete six hours of additional CLE on the subject of law office management within one year of reinstatement; (3) fully reimburse the state bar for the cost of the reinstatement proceedings and reimburse the client security fund within one year of reinstatement; and (4) obtain a mentor, selected by the state bar, to review his practice and report back to the state bar for one year after Peirce is reinstated.

SCR 116(2) requires that an attorney seeking reinstatement must:

> demonstrate[e] by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to practice law in this state, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest.

Additionally, SCR 116(5) provides that for an attorney who has been "continuously suspended for 5 years or more at the time a petition for reinstatement is filed, irrespective of the term of suspension initially imposed, successful completion of the examination for admission to practice shall be a mandatory condition of reinstatement."

Having reviewed the record, we conclude that clear and convincing evidence supports the panel's findings and conclusions. We therefore approve the panel's recommendation that the petition be granted subject to the above conditions.[1]  Additionally, we include the condition

---

[1]The State Bar filed a notice that Peirce took and passed the February 2014 Nevada State Bar Examination, thus, Peirce has satisfied that condition.

that Peirce take the Multistate Professional Responsibility Examination, if he has not done so already, and provide proof of passage to the office of bar counsel within one year of reinstatement.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                            Hardesty

_____, J.          _____, J.
Parraguirre                          Douglas

_____, J.          _____, J.
Cherry                               Saitta


cc:    David A. Clark, Bar Counsel
       Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       The Law Office of Dan M. Winder, P.C.
       Perry Thompson, Admissions Office, United States Supreme Court